IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LYNETTE DEARDURFF, guardian and
Conservator of Jefferson Deardurff,
an incapacitated person,

       Plaintiff,

v.

VICTOR L. SCHRAMM, JR., M.D.,
RODERICK G. LAMOND, M.D.,
RICHARD B. GREEN, M.D., and
HCA-HEALTHONE, LLC, d/b/a
PRESBYTERIAN/ST. LUKE'S MEDICAL CENTER,

       Defendants.

---

## COMPLAINT

---

The Plaintiff for her claims against the Defendants states and alleges as follows:

### PARTIES

I.

Lynnette Deardurff is the natural mother and court appointed Guardian and Conservator of Jefferson Deardurff, an incapacitated person. The Plaintiff and her son, Jefferson Deardurff, are citizens of the State of North Dakota.

II.

The Defendant, HCA-HealthONE, LLC, d/b/a Presbyterian/St. Luke's Medical Center, is a healthcare organization, incorporated and operating under the laws of the State of Colorado, with registered agent located in Denver, Colorado. The State of Colorado is its principal place of business. On information and belief, one or more of the individual defendants were agents and employees of said health care organization at the time of the negligent acts. The negligence and carelessness of the health care organization's agents and employees is, by law, imputed to the health care organization.

III.

The Defendant, Roderick G Lamond, is a medical doctor who holds himself out as being specially trained in the medical field of Neurosurgery and is a citizen of the State of Colorado.

IV.

The Defendant, Victor L. Schramm, Jr., is a medical doctor who holds himself out as being specially trained in the medical field of Otolaryngology, specializing in head and neck surgery and skull based surgery, including tumor resection. Victor L. Schramm, Jr. is a citizen of the State of Colorado.

V.

The Defendant, Richard B Green, is a medical doctor who holds himself out as being specially trained in the medical field of Anesthiology. Richard B. Green is a citizen of the State of Colorado.

## JURISDICTION AND VENUE
### VI.

The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1332 (diversity of citizenship). The amount in controversy exceeds $75,000.00.

### VII.

Venue is proper under 28 U.S.C. §1391(b), because this is the judicial district where the Defendants reside and where a substantial part of the events giving rise to the claims occurred.

## CLAIMS OF THE PLAINTIFFS
### VIII.

In April, 2006, Jefferson Deardurff, was admitted to Presbyterian/St. Luke's Medical Center for medical treatment for a recurrent pituitary adenoma. He was under the care of defendants Schramm and Lamond. Defendants Schramm and Lamond recommended and proceeded to perform a preliminary tracheostomy, frontal-flap transposition, and galeal pericranial flap, subfrontal craniotomy, and frontal sinus ablation. Said defendants failed to inform and recommend to Jefferson Deardurff alternative methods of treating his tumor, which methods were significantly less invasive and dangerous to him. Jefferson Deardurff agreed to follow the defendants' recommendations, and surgery was performed by Defendants Schramm and Lamond on April 10, 2006. Defendant Green was the anesthesiologist for the surgery and was jointly responsible with the other Defendants for the monitoring and protection of the health of the patient during the surgery.

IX.

In providing medical care and treatment to Jefferson Deardurff the defendants, and each of them, were negligent and careless. Their conduct fell below the standard of care. Among other things, and without limitation, Defendants, Schramm and Lamond, negligently and carelessly failed to inform Jefferson Deardurff and his family of alternative methods of treating the tumor, prior to surgery, and after surgery was commenced. Furthermore, Defendants were negligent and deviated from the standard of care in proceeding with the surgery, and in the manner of performing the surgery. For example, and without limitation, during surgery Defendants carelessly and negligently damaged the vascular supply to Jefferson Deardurff's brain, resulting in massive bleeding. In the face of such bleeding defendants deviated from the standard of care in continuing with the surgery, causing severe, catastrophic and permanent brain damage to Jefferson Deardurff. Defendant Green was negligent in fulfilling his responsibility as anesthesiologist. In particular, and without limitation and subject to discovery, Defendant Green failed to strongly recommend discontinuance of the surgery early on, when it became evident that continuing with the surgery placed the patient at great risk. Furthermore, following said surgery Defendants Schramm and Lamond falsely represented in the medical records, and to the family as well, that the entire tumor had been removed, that the surgery went well, and that Jefferson Deardurff "tolerated the procedure well." After further discovery, other acts and omissions of the Defendants may become apparent.

X.

As a direct and proximate result of the negligence of the Defendants, and each of them, Jefferson Deardurff suffered permanent and catastrophic brain damage. He is and forever will be totally dependant on the care of others. The negligence of the Defendants has left him blind and severely handicapped, both physically and mentally.

XI.

As a direct and proximate result of the negligence of Defendants, and the resultant brain damage and residual disabilities, Jefferson Deardurff has been and will forever suffer from permanent physical injury, emotional distress, mental anguish, disability, loss of enjoyment of life and other non-economic damages in an amount to be proved at trial.

XII.

As a direct and proximate result of the negligence of Defendants, the Plaintiff has and will continue to incur medical and hospital expenses, expenses for therapy, costs of daily attendant care, loss of future wages and other economic damages in an amount to be to be proved at trial.

WHEREFORE, the Plaintiff asks that judgment be ordered in her favor and against the Defendants in such sum of money as the jury finds reasonable to compensate the Plaintiffs for all past and future economic and non-economic damages sustained by them and occasioned by the Defendants' negligence, interest on such damages from the date of the negligent acts, their costs and disbursements herein, and such other and further relief as the court may deem just and equitable.

Dated this 19th day of March, 2008.

_____s/ Jon W. Backes_____

Jon W. Backes
Richard H. McGee II
McGEE, HANKLA, BACKES &
DOBROVOLNY, P.C.
Wells Fargo Bank Center, Suite 305
15 Second Avenue SW
P. O. Box 998
Minot, ND 58702-0998
Telephone No.: (701) 852-2544
Fax No.:  (701) 838-4724
E-mail:  jbackes@mcgeelaw.com

AND

_____s/ Lee R. Bissonette_____

Lee R. Bissonette
HELLMUTH & JOHNSON, PLLC
10400 Viking Drive, Suite 500
Eden Prairie, MN  55344
Telephone No.: (952) 941-4005, Ext. 186
Fax No.:  (952) 941-2337
E-mail:  lee@lblawoffice.com

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

The Plaintiff does hereby demand trial by jury in the above-entitled matter.

Dated this 19th day of March, 2008.

> _____s/ Jon W. Backes_____
> Jon W. Backes
> McGEE, HANKLA, BACKES &
> DOBROVOLNY, P.C.
> Wells Fargo Bank Center, Suite 305
> 15 Second Avenue SW
> P. O. Box 998
> Minot, ND 58702-0998
> Telephone No.: (701) 852-2544
> Fax No.:  (701) 838-4724
> E-mail:  jbackes@mcgeelaw.com

AND

> _____s/ Lee R. Bissonette_____
> Lee R. Bissonette
> HELLMUTH & JOHNSON, PLLC
> 10400 Viking Drive, Suite 500
> Eden Prairie, MN  55344
> Telephone No.: (952) 941-4005, Ext. 186
> Fax No.:  (952) 941-2337
> E-mail:  lee@lblawoffice.com

> ATTORNEYS FOR PLAINTIFF

Name and Address of the Plaintiff:
Lynette Deardurff, Guardian and
Conservator of Jefferson Deardurff,
An Incapacitated Person
8100 – 226th Street S.W.
Des Lacs, ND  58733